```
FILED
JAN 27 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 05-35975-C-7 |
| | ) | |
| NANCY CARDNO, | ) | MC No. TJP-1 |
| | ) | |
| Debtor. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtor filed her voluntary chapter 7 petition on October 12, 2005. She scheduled a 1976 Westlake Mobile Home ("the property") as property of the estate. The property was scheduled as exempt in the amount of $13,200. The first meeting of creditors was held on November 21, 2005. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor.

On December 27, 2005, Green Tree Servicing, LLC, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the property. The value of the property is approximately $40,000. Movant holds a lien on the vehicle in the approximate amount of $27,544.71. The court is not aware of any other liens against the property. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

However, the automatic stay may be terminated earlier if debtors fail to adequately protect the secured

Filed 01/27/06
Case 05-35975  Doc 21

party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

In this instance, debtor has equity in the property. Accordingly, the motion will be denied as to debtor. It is noted that the automatic stay, insofar as it applies against the debtor's interest in property, automatically expires when a discharge is issued.

However, because the chapter 7 trustee filed a no asset report finding that the estate has no interest in the property, the motion will be granted as to the trustee.

An appropriate order will issue.

Dated: January 27, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Nancy A. Cardno
770 Sycamore Ave. #J128
Vista, CA 92081

Michael E. O'Neal
1565 River Park Dr. #A
Sacramento, CA 95815

Doris A. Faust
Prenovost, Normandin, Bergh & Dawe
2122 N. Broadway, Suite 200
Santa Ana, CA 92706-2614

Stephen M. Reynolds
P.O. Box 1917
Davis, CA 95617

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 1/30/06

_____
Deputy Clerk